1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11   LENEL RANDOLPH,                    )   Case No.: 1:15-cv-01528-AWI-JLT
                                        )
12              Petitioner,             )   FINDINGS AND RECOMMENDATIONS TO
                                        )   DENY PETITION FOR WRIT OF HABEAS
13        v.                            )   CORPUS (Doc. 1)
                                        )
14   RONALD RACKLEY,                    )   ORDER DIRECTING THAT OBJECTIONS BE
                                        )   FILED WITHIN TWENTY-ONE DAYS
15              Respondent.             )
                                        )
16   _____      )

17          In 2003, the petitioner was convicted of possession of a controlled substance.  By that time, the

18   petitioner had suffered two or more convictions for serious or violent felonies. Thus, the Kern County

19   Superior Court sentenced him to a term of 25-years-to-life.  In this action, the petitioner claims that his

20   sentence was not authorized by law.  The Court disagrees and recommends the petition be **DENIED**.

21   **I.       PROCEDURAL HISTORY**

22          Petitioner is in custody of the California Department of Corrections and Rehabilitation serving

23   the indeterminate 25-years-to-life.  This sentence was imposed by the Superior Court of California,

24   County of Kern after his 2003 conviction for possession of a controlled substance. People v. Randolph,

25   2015 WL 4481797, at *1 (Cal. Ct. App. July 22, 2015). At that time, the court found that Petitioner had

26   suffered two or more prior "serious" or "violent" felonies that qualified as strikes under California's

27   "Three Strikes" law (Cal. Pen. Code §§ 667(d) & (e)).  This resulted in the court enhancing Petitioner's

28   sentence to 25-years-to-life.  (Id.).

Petitioner filed a petition for recall of his sentence pursuant to Proposition 36, which was denied by the Superior Court on February 20, 2014.  Id.  Petitioner then appealed to the California Court of Appeals, Fifth Appellate District (the "5th DCA"), which affirmed the Three Strikes sentence.  Id.  Petitioner next filed a petition for writ of habeas corpus in the California Supreme Court.  The Court denied that petition as well.  (Doc. 1, p. 4).

## II.     FACTUAL BACKGROUND

The Court adopts the Statement of Facts in the 5th DCA's unpublished decision[1]:

The Three Strikes Reform Act of 2012 (Proposition 36) permits third strike offenders serving indeterminate life sentences for crimes that are not serious or violent felonies to petition for resentencing. (Pen.Code 1, § 1170.126 et seq.) If a petitioning offender satisfies the statute's eligibility criteria, he is resentenced as a second strike offender "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

Following the enactment of Proposition 36, defendant filed a petition for resentencing. The trial court, however, determined defendant was statutorily ineligible for resentencing and denied the petition. On appeal, defendant contends (1) the trial court's denial was not supported by relevant, reliable, and admissible evidence from his record of conviction, and (2) the People failed to plead and prove a disqualifying prior conviction. We reject these arguments, and affirm the judgment.

### FACTS

On December, 15, 2003, defendant Lenel Randolph pleaded guilty to possession of a controlled substance. As defendant had prior convictions for attempted murder and residential robbery, the trial court sentenced defendant as a third strike offender to a term of 25 years to life in prison.

On February 20, 2014, defendant filed a petition for recall of sentence under Proposition 36. Defendant attached abstracts of judgment reflecting his current conviction for possession of a controlled substance, as well as his prior convictions for robbery and attempted murder. The trial court denied defendant's petition by minute order on February 20, 2014. This appeal followed.

People v. Randolph, 2015 WL 4481797, at *1.

## III.     DISCUSSION

### A.     Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7

---

[1]  The 5th DCA's summary of the facts in its unpublished opinion is presumed correct.  28 U.S.C. §§ 2254(d)(2), (e)(1).  Thus, the Court adopts the factual recitations set forth by the 5th DCA.

2

(2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  The challenged conviction arises out of the Kern County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997);  Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997), *cert. denied*, 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (holding the AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

B.      Legal Standard of Review

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 529 U.S. 362, 375 n. 7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  The challenged conviction arises out of the Kern County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 28 U.S.C.§ 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997);  Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997), *cert. denied*, 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (holding the AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

C.      Review of Petitioner's Claims.

The petition alleges the following as grounds for relief: (1) Petitioner's sentence was unauthorized under California law; (2) Petitioner may raise the issue of an unauthorized sentence at any time.

3

Preliminarily, the Court notes that the second "issue" is not substantive.  It does not purport to raise a cognizable federal habeas issue regarding Petitioner's conviction or sentence.  Instead, it appears to be an argument to rebut any claim, such as the one Respondent makes in this case, that the petition is untimely.  Accordingly, the Court will not address the second "claim" separately, but will address it as part of the Court's analysis of Petitioner's sole substantive claim, i.e., the purported unauthorized sentence.

A.  Unauthorized Sentence

Petitioner contends that his sentence is unauthorized under California law, pursuant to the California Supreme Court's decision in People v. Vargas, 59 Cal.4th 635 (2014).  This contention does not articulate a cognizable federal habeas claim and, in any event, it is without merit, and untimely.

1.  The 5th DCA's Opinion

Defendant asserts the trial court erred by denying his petition for resentencing, as the trial court's denial was not supported by relevant, reliable, and admissible evidence from his record of conviction. We disagree.

Under Proposition 36, an inmate is not eligible for resentencing if the inmate has a prior conviction for "any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(3).)  Among the offenses covered under those clauses are "any homicide offense, including any attempted homicide." (§ 667, subd. (e)(2)(C)(iv)(IV); § 1170.12, subd. (c)(2)(C)(iv)(IV).)  When determining an inmate's eligibility under Proposition 36, "the court may examine relevant, reliable, admissible portions of the record of conviction to determine the existence or nonexistence of disqualifying factors." (People v. Blakely (2014) 225 Cal.App.4th 1042, 1063.)

Here, defendant attached abstracts of judgment to his petition for resentencing that established he had a prior conviction for attempted murder.  On appeal, defendant does not dispute the authenticity of those abstracts, nor does defendant deny that he committed the offenses reflected in those abstracts.  Therefore, we find the trial court's denial of defendant's petition for resentencing was supported by relevant, reliable, and admissible evidence from his record of conviction.

People v. Randolph, 2015 WL 4481797, at *1.

2.  Federal Standard and Analysis

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in

violation of the Constitution or laws or treaties of the United States.  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The U.S. Supreme Court held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Petitioner does not allege a violation of the Constitution or federal law, nor does he argue he is in custody in violation of the Constitution or federal law.  Petitioner does not allege the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.  To the contrary, Petitioner raises only a state law claim, i.e., that the state court improperly applied the Three Strikes law, Proposition 36, and Vargas, to exclude him from being eligible for re-sentencing.  As mentioned, generally, issues of state law are not cognizable on federal habeas review.  Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").  Indeed, federal courts, including this Court, are bound by state court rulings on questions of state law.  Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

To the extent Petitioner contends that the state appellate courts misinterpreted California law, such a claim is not cognizable by way of § 2254.  A determination of state law by a state appellate court is binding in a federal habeas action, Hicks v. Feiock, 485 U.S. 624, 629 (1988), unless the interpretation is an "obvious subterfuge to evade consideration of a federal issue." Mullaney v. Wilbur, 421 U.S. 684, 691 n. 11 (1975); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (federal habeas court must

respect a state court's application of its own law and must not engage in de novo review). A federal court has no basis for disputing a state's interpretation of its own law. Clemons v. Mississippi, 494 U.S. 738, 739-40 (1990). Petitioner has not presented any evidence or legal argument supporting a conclusion that the state court's determination was such a subterfuge.

Moreover, even a cursory examination of Petitioner's claim shows it is meritless. Petitioner relies on People v. Vargas, 59 Cal.4th 635, 646-49, which distinguishes between "multiple criminal acts" that are "committed in a single course of conduct," which does not require dismissal of one of the qualifying strikes, and the "extraordinary case" of "multiple criminal convictions stemming from the commission of a single act," like a carjacking and robbery, which does require dismissal. As another federal district court explained it, "A robbery can be committed without simultaneously raping the victim and a burglary can be committed without simultaneously assaulting the victim with a firearm. Petitioner has not shown that the Court of Appeal capriciously interpreted state sentencing law or otherwise violated federal law in determining that his prior convictions did not require the trial court to dismiss all but one of the priors." Miles v. Lizarraga, 2015 WL 3855140, at *8 (C.D. Cal. June 22, 2015).

Petitioner's two predicate strikes involve convictions for robbery of an inhabited dwelling and attempted murder.[2] Following the reasoning of the Central District of California in Miles, it is certainly possible to commit a robbery of a dwelling without committing attempted murder by assaulting one of the dwelling's inhabitants. Conversely, it is equally possible to commit attempted murder on a victim without robbing him. Id. By contrast, Vargas dealt with that rare situation involving two prior convictions, i.e., carjacking and robbery against the same victim, where it would not legally or factually be possible to commit one crime against the victim without, at the same time, also committing the other, given that the object of the robbery was an automobile and the object of the carjacking was to rob the victim of his vehicle. On the other hand, in this case, such circumstances of equivalence, both in terms of time and conduct, do not apply. Hence, Vargas is of no assistance to Petitioner, and the state court's interpretation of its own laws and case authority appears to be both sound and reasonable. The

---

[2] Because Petitioner insists that both convictions had the same victim, the Court assumes that the attempted murder was of one of the inhabitants of the occupied dwelling which Petitioner robbed.

6

1   state court adjudication gives the Court no cause for concern that any miscarriage of justice has

2   occurred.

3            Finally, Respondent argues that even if the foregoing were not true, the petition is untimely.

4   The Court agrees.  On April 24, 1996, Congress enacted the AEDPA, which imposes various

5   requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v.

6   Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir.

7   1997) (en banc), cert. denied, 118 S.Ct. 586 (1997).  The instant petition was filed on October 5, 2015,

8   and thus, it is subject to the provisions of the AEDPA. (Doc. 1, p. 18).

9            The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

10  petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

11            (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
             corpus by a person in custody pursuant to the judgment of a State court.  The
12           limitation period shall run from the latest of –

13                (A) the date on which the judgment became final by the conclusion of direct
                 review or the expiration of the time for seeking such review;
14
                 (B) the date on which the impediment to filing an application created by
15               State action in violation of the Constitution or laws of the United States is
                 removed, if the applicant was prevented from filing by such State action;
16
                 (C) the date on which the constitutional right asserted was initially
17               recognized by the Supreme Court, if the right has been newly recognized by
                 the Supreme Court and made retroactively applicable to cases on collateral
18               review; or

19                (D) the date on which the factual predicate of the claim or claims presented
                 could have been discovered through the exercise of due diligence.
20
             (2) The time during which a properly filed application for State post-conviction or
21           other collateral review with respect to the pertinent judgment or claim is pending
             shall not be counted toward any period of limitation under this subsection.
22

23  28 U.S.C. § 2244(d).

24            In most cases, the limitation period begins running on the date that the petitioner's direct review

25  became final.  Here, the petitioner was convicted in 2003.  The California Court of Appeal affirmed

26  Petitioner's conviction on September 14, 2004.  Petitioner did not file a petition for review.  According

27  to the California Rules of Court, a decision of the Court of Appeal becomes final thirty days after filing

28  of the opinion, Cal. Rules of Court, Rule 8.264(b)(1), and an appeal must be taken to the California

Supreme Court within ten days of finality.  Cal. Rules of Court, Rule 8.500(e)(1).  Thus, Petitioner's conviction would become final forty days after the Court of Appeal's decision was filed, or on October 25, 2004.  Petitioner would then have one year from the following day, October 26, 2004, or until October 25, 2005, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.  As mentioned, the instant petition was not filed until October 5, 2015, almost ten years after the one-year period had expired.

Petitioner implicitly contends, however, that he is entitled to a later starting date based on the decision in Vargas; Petitioner is mistaken.  The AEDPA limitations period may toll until "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).  In addition, a "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Id. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).  Vargas is not a United States Supreme Court decision newly recognizing (and retroactively applying) a constitutional right; hence, Vargas cannot delay the date that Petitioner's AEDPA limitation period began to run. See 28 U.S.C. § 2244(d)(1)(C).

The only other possible avenue to make the petition timely is if Petitioner is entitled to either statutory or equitable tolling.  Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court.  Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226

(2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

However, a petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);  see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Here, the limitation period expired on October 25, 2005, and Petitioner did not file his first state petition until December 11, 2014, nine years after the expiration of the limitation period.  (Doc. 1, p. 20).  Thus, under the case law cited above, no statutory tolling is awarded.

Finally, a Petitioner may be entitled to equitable tolling if "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland v. Florida, 560 U.S. 631, 651-652 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Petitioner does not allege, and the Court does not find, that he is entitled to equitable tolling. Therefore, in addition to failing to state a cognizable federal habeas claim, the petition is untimely under the AEDPA and should be dismissed.[3]

---

[3] Although Petitioner argues repeatedly that an unauthorized sentence may be corrected at any time, Petitioner has sought relief by way of this Court's habeas jurisdiction.  As discussed above, the claims raised in the instant petition do not invoke

1    For all of these reasons, the Court recommends that the petition for writ of habeas corpus be

2 denied. [4]

**RECOMMENDATION**

4    Accordingly, the Court **RECOMMENDS** that Petitioner's Petition for Writ of Habeas Corpus

5 (Doc. 1), be **DENIED** with prejudice for lack of habeas jurisdiction and because it is untimely.

6    This Findings and Recommendation is submitted to the United States District Court Judge

7 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

8 Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days**

9 after being served with a copy of this Findings and Recommendation, any party may file written

10 objections with the Court and serve a copy on all parties. Such a document should be captioned

11 "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be

12 served and filed within 10 days (plus three days if served by mail) after service of the Objections. The

13 Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The

14 parties are advised that failure to file objections within the specified time may waive the right to

15 appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17 IT IS SO ORDERED.

18    Dated:   **August 17, 2016**                **/s/ Jennifer L. Thurston**

19                                UNITED STATES MAGISTRATE JUDGE

---

the Court's habeas jurisdiction. Accordingly, the Court lacks jurisdiction to provide the relief Petitioner seeks, even if the
Court were to conclude that the state Court had misapplied its own laws.

[4] The Court need not address the issue of exhaustion, briefly raised in Respondent's answer. (Doc. 12, p. 2).
Respondent's argument appears to be that no federal constitutional claim was raised in the instant petition, but, if it had
been, it has not been presented to the California Supreme Court. Since it appears undisputed that Petitioner is not raising
federal constitutional claims in these proceedings, it is equally clear that the question of exhaustion of such non-presented
claims does not arise and need not be addressed.